## W. D. MANSOUR, Respondent, v. WILLIAM CAULFIELD, Appellant.

### Kansas City Court of Appeals, January 9, 1912.

REPLEVIN: Execution: Ownership of Property Seized: Sales.
Plaintiff replevined property seized by a constable upon an
execution on a judgment against her son. The property was
purchased with plaintiff's money and the business managed by
the son for plaintiff. *Held*, that as the property was never at
any time owned by the judgment debtor the statute providing
that no sale of chattels where possession is delivered to the
vendee, shall be subject to any conditions whatever as against
creditors of the vendee or subsequent purchasers in good faith,
unless such conditions shall be evidenced in writing and record-
ed, does not apply.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*R. J. Holmden* for appellant.

*Meservey & German* and *C. M. Blackmar* for re-
spondent.

BROADDUS, P. J.—Replevin. Statement. On
October 7, 1907, a judgment was obtained in the justice
court by the Iowa State Bank against H. Mansour, and
upon execution issuing thereon certain property al-
leged to be that of the defendant was seized by the
constable. This property at the time of the seizure
was claimed by the plaintiff herein, the mother of
the said H. Mansour. Afterwards the plaintiff brought
this suit against the defendant, the said constable, to
recover said property. Upon the hearing of the case
judgment was rendered for the plaintiff from which
the defendant appealed. There is not much conflict
in the testimony. The Mansours were natives of Syria,

but the son spoke and understood the English lan-guage fairly well, but plaintiff's knowledge of it was scant and her testimony at the trial was delivered through an interpreter. The property replevined con-sisted of one black mare, one red delivery wagon and one cash register. The plaintiff's son and daughter were in a grocery store at 2306 Vine street, Kansas City, Missouri. At first it appears that the store was conducted under the name of Mansour & Gannan and that the son was acting in the business under his own name in buying goods, and that as such he afterwards sold out to Gannan and after that bought out the in-terest of Gannan.

The plaintiff testified that she furnished the money to buy the property and that her son had no interest in it whatever—that he was only the manager for her. The son testified that he bought an interest in the property several years before the trial, but that he was not the owner, but that he "just managed the bus-iness for his mother." There is nothing in the evi-dence that tends to contradict the statements of the mother and son that the mother furnished the money to buy the property and that the son had no interest in it whatever, but that he conducted the business in the way as shown by the testimony because of his ig-norance of business methods. There is nothing to show that his conduct or that of plaintiff was for the purpose of deceiving or defrauding creditors. A bill of sale of the property to plaintiff was given in evi-dence over the objection of defendant.

The appellant relies upon the section of the stat-ute; providing that no sale of chattels where posses-sion is delivered to the vendee, shall be subject to any conditions whatever as against creditors of the vendee, or subsequent purchasers in good faith, unless such conditions shall be evidenced in writing and recorded, to defeat plaintiff's action; and the decisions of the appellate courts construing the same. It is only neces-

sary to state that as the property was never at any time owned by the judgment debtor the statute does not apply. Had it been shown that the plaintiff in the judgment against the son had given credit to him because he was permitted by plaintiff to hold himself out to the world as the owner of the property, a different question would have arisen and the doctrine of estoppel would apply. The law is well stated in Burke v. Adams, 80 Mo. 504. Affirmed.. All concur.